Ardian STOLAJ, Vjollca Stolaj, Kevin Stolaj, Sara Stolaj, Petitioners,

v.

Eric H. HOLDER Jr., United States Attorney General,[1] Respondent.

No. 08–3409–ag.

United States Court of Appeals, Second Circuit.

June 3, 2009.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H.

Holder Jr. is automatically substituted for for-

Charles Christophe, Christophe & Associates, New York, NY, for Petitioner.

Michael F. Hertz, Assistant Attorney General; Francis W. Fraser, Senior Litimer Attorney General Michael B. Mukasey as

gation Counsel; John J.W. Inkeles, Trial Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, DC, for Respondent.

Present JOHN M. WALKER, JR., JOSÉ A. CABRANES and ROBERT D. SACK, Circuit Judges.

### SUMMARY ORDER

Petitioners seek review of the June 19, 2008 order of the BIA denying their motion to reopen. *In re Ardian Stolaj, Vjollca Stolaj, Kevin Stolaj, & Sara Stolaj*, Nos. A76 526 419/420/421/422 (B.I.A. June 19, 2008). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen immigration proceedings for abuse of discretion. *See Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir.2006). Here, the BIA properly denied the Petitioners' motion to reopen as untimely where it was filed more than three years after October 2004, when the final order of removal was entered. *See* 8 C.F.R. § 1003.2(c)(2) (providing that an applicant must file a motion to reopen within ninety days of the final administrative decision). Moreover, the BIA did not abuse its discretion in finding that the Petitioners failed to present material evidence of changed country conditions sufficient to satisfy the exception to the time limitation. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii); *INS v. Abudu*, 485 U.S. 94, 104–105, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988).

The BIA accurately found that Petitioners' documents did not reflect a material change in country conditions. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii). The Petitioners argue that the BIA acted arbitrarily in failing to consider the evidence concerning respondent in this case.

"the worsening state of life for citizens in Albania." They assert that the record demonstrates "violence perpetrated against citizens at the hands of police acting with impunity under the color of governmental authority." However, the Petitioners fail to point to specific evidence in the record to support their claims. Thus, we find no basis upon which to disturb the agency's finding that the record reflects "continued" poor conditions or, at most, an "incremental" change. *See id.* We similarly find no support for Petitioners' assertion that the BIA failed to "fully review the record and consider [their] claims in light of all the documentation submitted." *See Wei Guang Wang v. BIA*, 437 F.3d 270 (2d Cir.2006) (refusing to find that the BIA abused its discretion even where it dealt with the petitioner's evidence in summary fashion).

The Petitioners also argue that they presented previously unavailable material evidence regarding Vjollca Stolaj's rape and past persecution. However, the BIA did not err in finding that there was no indication that this evidence was previously unavailable as required by 8 C.F.R. § 1003.2(c)(1). The only argument Petitioners offer as to why the evidence was not previously presented is that "only [Ardian's and his brother's] testimonies were taken at that time." However, there is no indication that Vjollca's testimony could not have been presented, much less that the details of her alleged mistreatment could not have been presented in an asylum application.

■ Under these circumstances, the BIA appropriately determined that the Petitioners failed to establish that they qualified for an exception to the time limitation on motions to reopen. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii). Accordingly, to the extent the Stolajes argue that the BIA violated their due process rights or abused its

discretion when it failed to reopen their removal proceedings, any such arguments are without merit. *See Ajdin v. Bureau of Citizenship & Immigration Servs.*, 437 F.3d 261, 266 (2d Cir.2006) (declining to reach the constitutional question where the BIA's initial finding that Petitioners did not allege enough evidence to support a *prima facie* showing of asylum eligibility is sufficient to support its denial of Petitioners' motion). Finally, as to Petitioners' argument that the BIA abused its discretion in declining to *sua sponte* reopen their proceedings, this court "lack[s] jurisdiction to review the BIA's decision not to *sua sponte* reopen a case." *Ali*, 448 F.3d at 518.

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).